UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GOMEZ** | **CIVIL ACTION NO: 23-CV-2850** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HUNTINGTON INGALLS INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |

## ORDER AND REASONS

Before the Court is Plaintiff David Gomez's ("Gomez") Motion for Partial Summary Judgment to preclude Defendants Huntington Ingalls, Inc. ("Avondale") and Hopeman Brothers, Inc. ("Hopeman Brothers") from invoking certain affirmative defenses. R. Doc. 22. Avondale and Hopeman Brothers oppose the motion. R. Docs. 27 and 28. For the following reasons, it is ordered that Gomez's motion is **GRANTED** as it relates to Avondale and **DENIED WITHOUT PREJUDICE** as it relates to Hopeman Brothers.

## BACKGROUND

This case arises out of Gomez's alleged exposure to asbestos through his stepfather, Rudolph Seminary, who worked at Avondale Shipyard in various capacities in the 1960s and 1970s. R. Doc. 1-2 at 7. Gomez alleges these exposures caused him to develop mesothelioma. *Id.* On May 31, 2023, Gomez filed suit in Orleans Parish's Civil District Court against Avondale and a number of alleged manufacturers and/or distributors of asbestos-containing products, including Hopeman Brothers. *Id.* Hopeman Brothers removed to this Court on July 23, 2023, and in its notice of removal, invoked the government contractor defense, which immunizes government contractors from liability under certain circumstances. R. Doc. 1. On September 1, 2023, Gomez filed the instant motion, urging the Court to find Avondale and Hopeman are not entitled to government contractor immunity.

On July 3, 2024, after the parties had fully briefed the issue and Gomez's motion was submitted for consideration, Hopeman Brothers filed a notice that it had filed for Chapter 11 bankruptcy. R. Doc. 112. The notice instructed that, pursuant to Section 362 of the Bankruptcy Code, all judicial proceedings against Hopeman Brothers are stayed. *Id.* Considering the automatic stay, the Court disregards all arguments advanced by Hopeman Brothers and denies without prejudice Gomez's motion as it relates to Hopeman Brothers.

## LEGAL STANDARD

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

The moving party may satisfy its initial burden by pointing out that the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA, Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

## ANALYSIS

Gomez argues Avondale is not entitled to immunity from liability on the grounds that it acted under the color of government office when it allegedly failed to warn those working with and around asbestos of the potential risks associated with asbestos and failed to take safety measures to prevent the spread of asbestos at Avondale Shipyard. R. Doc. 22-1 at 7. The immunity at issue arises out of the United States Supreme Court's decisions in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988) and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 60 S.Ct. 413 (1940). The *Boyle* defense immunizes certain government contractors from state law product design defect claims when "(1) the United States approved reasonably specific specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512, 108 S.Ct. 2510. The *Yearsley* defense likewise shields government contractors whose work was (1) authorized and directed by the United States government; and (2) performed pursuant to an Act of Congress. *Matherne v. Huntington Ingalls, Inc.*, No. 22-CV-2656, 2024 WL 216925, at *2 (E.D. La. Jan. 19, 2024) (citing *Taylor Energy Co. v. Luttrell*, 3 F.4th 172, 175 (5th Cir. 2021)).

As a threshold matter, Avondale argues this motion is premature and asks the Court to deny it as such, or, alternatively, continue the motion until the parties have conducted additional discovery. Indeed, "[a] trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party, but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (internal citations omitted). Avondale simply has not made this showing. Avondale argues that, "at a minimum, [it] should have the opportunity to

3

issue discovery to [Gomez], depose the co-workers of [Gomez's] stepfather, determine if his stepfather had any prior claims regarding asbestos exposure from his work at Avondale, and conduct further review of the federal contracts at issue." R. Doc. 28 at 9. But Avondale makes no mention of how this additional discovery is likely to create a genuine issue of material fact such that it may defeat Gomez's motion. Avondale has therefore failed to meet its burden to show that Gomez's motion should be denied as premature or that the Court should defer ruling on Gomez's motion until additional discovery has been conducted. *Bailey v. KS Mgmt. Servs., LLC*, 35 F.4th 397, 401 (5th Cir. 2022) (internal quotations and citations omitted) ("To win relief, the Rule 56(d) movant must . . . show . . . that additional discovery will create a genuine issue of material fact.").

Turning to the merits of Gomez's motion, the Court notes other Sections of this Court have consistently, if not uniformly, held that Avondale is not entitled to the *Boyle* and *Yearsley* immunity defenses. *See, e.g., Adams v. Eagle*, No. 21-CV-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022); *Broussard v. Huntington Ingalls, Inc.*, No. 20-CV-836, 2021 WL 5448795 (E.D. La. Nov. 22, 2021); *Falgout v. Anco Insulations, Inc.*, No. 21-CV-1443, 2022 WL 7540115 (E.D. La. Oct. 13, 2022); *Crossland v. Huntington Ingalls, Inc.*, 635 F.Supp.3d 491 (E.D. La. 2022). The Court agrees with the analyses in these cases and, for the reasons explained therein, finds Avondale cannot invoke the *Boyle* or *Yearsley* defenses against Gomez's failure to warn and enact safety measures claims.[1]

---

[1] Avondale insists these cases do not control the outcome of the instant motion because they involved only claims for failure to warn and failure to enact safety measures while this case, in addition to those claims, also involves claims for general negligence and strict liability. While Avondale is correct, Gomez's motion only seeks summary judgment as to Avondale's immunity relating to failure to warn and failure to enact safety measures claims. *See, e.g.*, R. Doc. 22-1 at 7 ("Plaintiff offers this motion and memorandum in advance of trial concerning [Avondale and Hopeman Brothers's] alleged affirmative defenses claiming immunity from liability on the grounds that Defendants allegedly acted under the color of government office *when they failed to educate or otherwise warn* Hopeman employees or other contractors working in the vicinity of health hazards associated with asbestos dust exposures and *failed to take appropriate safety measures* to prevent the spread of asbestos dust.") (emphasis added). "Because [Gomez] only seeks to prevent Avondale . . . from using *Boyle* and *Yearsley* defenses with regard to [his] claims . . . for failure to

4

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Gomez's motion is **GRANTED IN PART** and **DENIED IN PART**.

To the extent Gomez seeks summary judgment against Avondale, Gomez's motion is **GRANTED**. To the extent Gomez seeks summary judgment against Hopeman Brothers, Gomez's motion is **DENIED WITHOUT PREJUDICE**, to the right to be reurged when the automatic bankruptcy stay is lifted.

New Orleans, Louisiana, this 22nd day of July 2024.

*[signature]*

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

warn and enact safety measures . . ., the Court grants summary judgment." *Legendre v. La. Ins. Guar. Ass'n*, No. 22-CV-1767, 2024 WL 1556842, at *3 (E.D. La. Apr. 10, 2024).